IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARTHANN BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv0378-VPM |
| | ) | |
| TEACHERS INSURANCE AND | ) | |
| ANNUITY ASSOCIATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff Marthann Bush's ["Marthann"][1] motion for partial summary judgment (Docs. # 23, 24). The interpleading defendants, Teachers Insurance and Annuity Association of America and College Retirement Equities Fund ["TIAA-CREF"], remain neutral, and the remaining defendants, Bonita Bush Flynt ["Flynt"], John Martin Bush ["John"], and Henry Brackin Bush ["Henry"] [collectively "the Bush children"],[2] have responded in opposition to the motion (Doc. # 32, 33). Having considered the pleadings and evidence in the record as well as the parties' legal arguments, the court concludes that the motion should be granted.

---

[1] The court's policy is to refer to litigants by their surnames. However, because three of the litigants in this case have the same surname, the court uses their first names solely to distinguish them.

[2] Marthann is also the defendant of counterclaims asserted by the Bush children.

## I.   SUMMARY JUDGMENT STANDARD

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Green v. Pittsburgh Plate & Glass Co.*, 224 F. Supp. 2d 1348, 1352 (N.D. Ala. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A judge's guide is the same standard necessary to direct a verdict: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Id*. at 259.  "Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor."  *Id*. at 255.

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.[3]  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d

---

[3]   The Supreme Court explained that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted).

739, 742 (11th Cir. 1996). The moving party has the initial burden of demonstrating, by reference to the record, including "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any . . . the absence of any genuine, material factual dispute." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225 (11th Cir. 2005) (internal quotations omitted).

Once the moving party has satisfied its burden, the nonmovant must come forth with sufficient evidence on each element that must ultimately be proved. *Earley v. Champion Int'l. Corp*., 907 F.2d 1077, 1080 (11th Cir. 1990); *see Celotex Corp.*, 477 U.S. at 322-23. When faced with a properly supported motion for summary judgment, the nonmovant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. Although the evidence need not be in a form necessary for admission at trial, *id.*, unsupported, self-serving allegations are insufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

## II.   RELEVANT BACKGROUND

Pursuant to *Alabama Rules of Civil Procedure*, Marthann filed this action in state court as a Bill in the Nature of Interpleader seeking an order requiring the defendants to file their claims against her (Exhs. Attch. to Doc. # 1). Ala. R. Civ. P. 22. The nature of the dispute concerns, essentially, the identity of the rightful beneficiaries to several annuity contracts between John Jackson Bush ["Bush"], now deceased, and defendant TIAA-CREFF.

Without contesting its liability for the amounts owed under the contracts, TIAA-CREFF responded with a counterclaim for interpleader, indicating its willingness to pay the benefits to the rightful beneficiaries as well as its inability to "safely" determine the rightful beneficiaries (Doc. # 3). The Bush children responded with an answer and asserted state common law counterclaims against Marthann for conversion, fraud and deceit (Doc. # 7). They also seek (1) a judicial declaration pursuant to 28 U.S.C. § 2201 (2000) that they are the rightful beneficiaries to all of the contracts at issue, and (2) an order directing co-defendant TIAA-CREFF to distribute the funds accordingly. *Id.*

Viewing the evidence and all inferences arising therefrom in the light most favorable to the Bush children, the facts relevant to this motion are as follows:

Over the course of a long career in education, Bush, who died on 29 November 2004, entered into several contracts with TIAA-CREF that required, *inter alia*, payment of certain retirement benefits upon his death to contract-specified beneficiaries (Doc. # 1, p. 2). Six of these contracts are the subjects of the instant litigation (Doc. # 1, p. 12).

Of the six contracts, two are presently at issue for the purpose of the instant motion (Doc. # 24-1, p. 13). These have been designated as contracts C837045-8 and U837045-6 and are referenced by the court simply as contracts C8 and U8**.** *Id.* Originally, Bush had named Marthann, his sixth wife, as beneficiary of the two contracts, which at the time of his death were cumulatively valued at $207,288.64 (Pl's Ex. A, Doc. # 24-5, p. 2)

Approximately five days before Bush's death, acting pursuant to a power of attorney

Bush had executed in 2001,[4] John completed forms provided by TIAA-CREF for the purpose of substituting himself and his siblings as beneficiaries of contracts C8 and U8 in place of Marthann.  *Id.*

According to the contracts, changes of beneficiaries are not effective unless and until received by TIAA-CREF.  *Id.*  John mailed the forms to TIAA-CREF in February 2005, more than two months after Bush died.  *Id.*

---

[4]     In March 2001, Bush executed the following power of attorney in favor of John:

> I, John J. Bush, of Bibb County, Georgia, do hereby nominate, constitute and appoint John M. Bush, of Cobb County, Georgia, to be my Attorney-in-Fact, to act for me and in my behalf to perform any act and/or sign any document (except a Last Will and Testament) in as full and ample a manner as I myself can do.
>
> This Power of Attorney includes but is not limited to: making deposits and withdrawals in, and from, any financial institution; to enter my safety deposit box(es); to buy, sell, lease and rent real and personal property; making decisions affecting my health care, treatment and hospitalization, and in all other matters to act for me and in my behalf.
>
> It is my expressed intention that this Power of Attorney shall survive my disability(ies) caused by any reason and that it shall not be terminated by any such disability.
>
> Should my Attorney-in-Fact predecease me, become legally disabled, incapacitated or incompetent, resign or be unavailable, I do hereby nominate and appoint the following successors in the order named:
>
>     1.    Boni [sic] B. Flynt of Bibb County, Georgia; and
>
>     2.    Henry B. Bush of Fulton County, Georgia.
>
> It is my intent that this Power of Attorney shall survive any changes in marital status or residency location.  Further, this Power of Attorney may not be voided, revoked or superseded by any subsequent document(s), absent a written intent to do so, executed by my hand.

(Doc. # 32, pp. 6-7).

This case also concerns documents purportedly establishing Marthann as Bush's attorney in fact. These documents art not at issue in this motion; therefore, all references to the power of attorney relate only to the document quoted immediately *supra*.

Although Marthann contends that John lacked authority to eliminate her as the beneficiary of the contracts, for the purpose of resolving this matter, the court assumes John's authority to have completed the beneficiary forms on Bush's behalf. Thus, the only issue for the court to consider is whether John's authority as attorney-in-fact during Bush's lifetime allowed him to mail the change of beneficiary forms on Bush's behalf after Bush's death. Because the court concludes that it did not, Marthann is entitled to summary judgment.

### III.   DISCUSSION

As the Bush children contend, the validity and scope of the authority vested in John pursuant to the power of attorney is governed by Georgia law regarding principals and agents.[5]

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Ga. Code. Ann. § 10-6-1 (2000). "[T]he death of either principal or agent

---

[5]  A federal district court applies the choice-of-law rules of the forum state. *Lawrence v. Household Bank (SB), N.A.*, 397 F. Supp. 2d 1332, 1335 (M.D. Ala. 2005) (citing *Klaxon Co. v. Stento Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In Alabama, "the law of the State wherein the contract was executed governs questions regarding the validity and interpretation of the contract . . .." *Lawrence*, 397 F. Supp. 2d at 1335. There is no reason this principle is not equally applicable to appointments of powers of attorney. *See Stafford v. Crane*, 382 F.3d 1175, 1182 (10th Cir. 2004) (applying state's choice of law rule (like Alabama, the principle *lex loci contractus*) governing the interpretation of contracts to determine the scope of authority conferred in a durable power of attorney, and concluding that the "power-of-attorney was executed and filed in Oklahoma, and is therefore governed by Oklahoma law"); *see also* Restatement (Second) of Conflict of Laws § 291 (1958) (incorporating rules governing the law applicable to contract interpretation (the so-called relationship test) when determining which law governs the rights and duties of a principal and agent toward each other).

In the instant case, the power of attorney was executed in Georgia while Bush and John were Georgia residents.

revokes" the agent's power. *Id.* at § 10-6-33.

Marthann contends that, even if John's execution of the beneficiary forms was valid, the authority conferred upon him as attorney-in-fact terminated upon Bush's death. Therefore, John lacked authority to mail the forms on Bush's behalf.

The Bush children offer no response to this argument. Moreover, in his affidavit submitted in opposition to summary judgment, John admits mailing the change of beneficiary forms after Bush died and concedes that the changes were not effective until received by TIAA-CREF. (Doc. # 33, p. 8).

Marthann is correct that the power of an agent, including the power of attorney, terminates upon the death of the principal. Ga. Code Ann. § 10-6-33; *see* **Anderson v. Goodwin**, 54 S.E. 679, 681 (Ga. 1906). Therefore, John's power of attorney ceased the moment Bush died, and he could not exercise the power thereafter even to mail the change of beneficiary forms. *See*, *e.g.*, **In re *Estate of Capuzzi***, 684 N.W.2d 677 (Mich. 2004) ("If an agent is in the midst of a transaction when the principal dies, the transaction cannot continue, regardless of the principal's previously stated wishes.") (citing 3 Am. Jur. 2d. *Agency*, § 52, pp. 468-69; 2A C.J.S. *Agency*, § 122, pp. 394-95); **Sturgill v. Va. Citizens Bank**, 291 S.E.2d 207, 209 (Va. 1982) (holding that an agent's express authority to make withdrawals from principal's checking account terminated upon the principal's death); **In re *Lease's Estate***, 214 N.W.2d 418, 424 (Wis. 1974) ("The acts which the agent is authorized to perform in the name of the principal must be completed before the principal dies . . ..").

Tellingly, the Bush children appear to have ignored the issue altogether, and they

certainly have failed to identify evidence supporting a factfinder's conclusion that John was otherwise authorized to do so. Nor do the Bush children contend that John's power of attorney was coupled with an interest which would give rise to an exception to the general rule. *Anderson*, 54 S.E. at 681 (stating the common law rule that, "[U]nless coupled with an interest, a power of attorney terminates upon the death of its maker"). Moreover, their response offers no alternative rationale for denying summary judgment.

Viewing all of the evidence and the inferences arising therefrom in favor of the Bush children, the court concludes that no genuine issue of material fact exists regarding John's mailing of the change of beneficiary forms. John's actions taken after Bush's death were void, and the executed change of beneficiary forms were never properly submitted to TIAA-CREF. Thus, they were ineffective, and Marthann is entitled to summary judgment.[6]

## IV.   CONCLUSION

Therefore, it is hereby

ORDERED as follows:

1. Marthann Bush's motion for summary judgment of the Bush children's claim for declaratory judgment regarding the identity of the rightful beneficiary to contracts designated as C837045-8 and U837045-6 is GRANTED.

---

[6] The Bush children find significant the absence of a copy of the actual contracts naming Marthann as beneficiary. They do not, however, dispute that prior to Bush's death, Marthann was the beneficiary named on contracts C8 and U8. Moreover, the undisputed circumstantial evidence before the court allows for no alternative conclusion. (Pl's Ex. A, Doc. # 24-5, p. 2; Pl's Ex. C, Doc. # 24-7, p. 7; Defs' (Bush Children) Answer, Doc. # 7, pp. 5-6).

2.  The court DECLARES that the rightful beneficiary to the contracts designated as C837045-8 and U837045-6 is the beneficiary named on the contracts at the time of the decedent's death, Marthann Bush.

3.  Upon entry of final judgment in this case, interpleader TIAA-CREF shall distribute immediately the funds payable to the beneficiary of the aforedescribed contracts in accordance with this order and the terms of said contracts.

4.  This case shall proceed to non-jury trial on 24 July 2006 on the following issues: (a) the Bush children's state law claims against Marthann Bush, (b) their request for a declaration that they are the rightful beneficiaries of the contracts remaining in dispute, and (c) TIAA-CREF's request to be discharged from liability.

5.  The parties are DIRECTED to notify the court on or before 19 July 2006 whether they have settled their remaining disputes.

DONE this 7th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE